## Case No. 15,932.

### UNITED STATES v. ONE HORSE.

[7 Ben. 405;[1] 20 Int. Rev. Rec. 63; 22 Pittsb. Leg. J. 9.]

District Court, S. D. New York. Aug., 1874.

INTERNAL REVENUE — COSTS OF DISTRICT ATTORNEYS AND CLERKS.

In suits brought to enforce forfeitures under the customs revenue acts, the district attorney of the United States is entitled to a tax, as costs, two per cent. on the amount of proceeds realized under execution, in accordance with the 11th section of the act of March 3, 1863 (12 Stat. 741), and the clerk is entitled to tax the one per cent. on such proceeds allowed him by the 1st section of the act of February 26, 1853 (10 Stat. 161), notwithstanding the passage of the 2d section of the act of June 22, 1874 (18 Stat. 186), repealing all provisions of law under which moieties of fines, penalties or forfeitures under the customs revenue laws, or commission thereon, are paid to officers of the United States.

BLATCHFORD, District Judge. The sum of $444 37 is in the registry of this court, as the gross proceeds of an execution issued in this suit against stipulators for the value of the property seized and proceeded against therein, which was seized and condemned as forfeited for a violation of the laws relating to the revenue from customs duties. The district attorney presents, for taxation, an allowance claimed by him to be payable to him out of such proceeds, amounting to $8 88, being two per centum on the amount of such proceeds. The clerk presents for taxation a bill of costs in this suit, one item of which is the sum of $4 44, being one per cent. on the amount of such proceeds, claimed by

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

him to be payable to him as a fee for receiving, keeping and paying out the amount of such proceeds. Questions are raised as to whether such two items are now taxable, in view of the provisions of the act of June 22, 1874, entitled "An act to amend the customs revenue laws and to repeal moieties."

The 2d section of the said act of 1874 provides, "that all provisions of law under which moieties of any fines, penalties or forfeitures under the customs revenue laws, or any share therein, or commission thereon, are paid to informers, or officers of customs, or other officers of the United States, are hereby repealed, and, from and after the date of the passage of this act, the proceeds of all such fines, penalties and forfeitures shall be paid into the treasury of the United States." The provision of law existing when the act of 1874 was passed, for distributing the proceeds of fines, penalties and forfeitures incurred under the customs revenue laws, was the 1st section of the act of March 2, 1867 (14 Stat. 546), and was in these words: "From the proceeds of fines, penalties and forfeitures incurred under the provisions of the laws relating to the customs, there shall be deducted such charges and expenses as are, by law, in each case, authorized to be deducted, * * * and the residue of the proceeds aforesaid shall be paid into the treasury of the United States, and distributed under the direction of the secretary of the treasury, in the manner following, to wit, one half to the United States, one fourth to the person giving the information which has led to the seizure, or to the recovery of the fine or penalty; and, if there be no informer other than the collector, naval officer or surveyor, then to the officer making the seizure, and the remaining one-fourth to be equally divided between the collector, naval officer and surveyor; * * * but, where any fine, penalty or forfeiture incurred by virtue of the laws relating to customs shall be recovered in consequence of any information given by an officer of a revenue cutter, the proceeds thereof shall, after the legal deductions, including the deductions herein authorized, have been made, be disposed of as follows, one-fourth to the United States, one-fourth to the officers of the customs, as hereinbefore provided, and the remainder to the officers of such revenue cutter, to be divided among them in proportion to their pay."

The item claimed by the district attorney to be taxable and payable to him, is claimed under the provisions of the 11th section of the act of March 3, 1863 (12 Stat. 741), which is as follows: "There shall be taxed and paid to district attorneys two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws, conducted by them, in which the United States is a party. The act in relation to costs, approved February twenty-sixth, one thousand eight hundred and fifty-three, shall not apply to such allowances, and the same

shall be in lieu of all costs and fees in such suit or proceedings." The act of February 26, 1853 (10 Stat. 161), thus referred to, was a bill prescribing what costs and fees should be allowed to various officers, and among them, district attorneys and all other attorneys and clerks of courts, and its 1st section provided, that, "in lieu of the compensation now allowed by law" to such officers, "the following and no other compensation shall be taxed and allowed." One item under the head of "clerks' fees," in said act, is this: "For receiving, keeping and paying out money, in pursuance of the requirements of any statute or order of court, one per cent. on the amount so received, kept and paid." Under this provision the clerk claims the allowance in question.

It may be suggested, that, as the district attorney and clerk are officers of the United States, the two per cent. to the district attorney, and the one per cent. to the clerk, constitute a share in the forfeiture in this case, or, at least, a commission thereon, and that, therefore, the act of 1874 repeals the provision for the two per cent. to the district attorney, in the 11th section of the act of 1863, and the provision for the one per cent. to the clerk, in the act of 1853. Do the two per cent. and the one per cent., under the statutes which allow them, constitute shares in, or commissions on, moneys received for forfeitures, in the sense of the act of 1874? I think they do not. The act of 1863 gives the two per cent. to the district attorney in lieu of costs and fees in the suit, and, manifestly, as a compensation to him for conducting the suit on behalf of the United States. It expressly declares that he shall have no other costs or fees in the suit, and none under the act of 1853. It substantially repeals the act of 1853, as regards the suits mentioned in the act of 1863. If the act of 1874 repeals the 11th section of the act of 1863, then the district attorney is left without any compensation allowed him by law in the suits named in such 11th section; because, the 3d section of the act of February 25, 1871 (16 Stat. 431), provides, that, "whenever an act shall be repealed which repealed a former act, such former act shall not thereby be revived, unless it shall be expressly so provided." Thus, all provision for costs and fees to the district attorney in such suits would be repealed, while he would still receive the two per cent. as costs and fees in suits under the revenue laws in which the United States is a party, other than suits for fines, penalties or forfeitures under the customs revenue laws, and the fee bill in the act of 1853 would give him costs and fees in suits not within the purview of the acts of 1863 and 1874.

So, in regard to the clerk, the act of 1853 gives the one per cent. to him as fees for receiving, keeping and paying out the money. If he is deprived, by the act of 1874, of such one per cent. for receiving, keeping and pay-

ing out moneys which are the proceeds of fines, penalties or forfeitures under the customs revenue laws, there is no provision of law under which he can receive any fees or compensation for receiving, keeping or paying out such moneys, while he will still be entitled to receive the one per cent. for receiving, keeping and paying out all other moneys.

It is not to be inferred that any construction of the act of 1874 was intended by congress, which will work such a result, when there is a plain and reasonable construction of it which will avoid such a result. The act of 1874 has no relation to the subject of costs or fees, either generally or specifically. It relates to the customs revenue laws alone. The provisions of the 1st section of the act of 1867 answer fully the description, in the 2d section of the act of 1874, of provisions of law under which moieties of fines, penalties and forfeitures under the customs revenue laws, or shares therein, or commissions thereon, are paid to informers, and to officers of the customs, and to other officers of the United States. Under the provisions of the 1st section of the act of 1867, shares of fines, penalties and forfeitures under the customs revenue laws are paid to informers, and other shares thereof are paid to collectors, naval officers and surveyors, who are officers of the customs, and other shares thereof are paid to the officers of revenue cutters, who are "other officers of the United States." These shares are paid specifically as shares of the fines, penalties and forfeitures, and because the moneys shared in are the proceeds of the fines, penalties and forfeitures, and the persons receiving the shares have not, under any statute, any share in any other moneys. The district attorney and the clerk do not receive their percentages because the moneys are the proceeds of fines, penalties and forfeitures, and they receive the same percentage on other moneys. The statutes which give the percentages do not, in either case, call the percentage a "commission." Nor does the act of 1867 call the one-half or the one-fourth which it names a "commission." Yet, it is no less proper to call such one-half or one-fourth a "commission" than it is to call the percentages named, "commissions." The word "commission," in the act of 1874, is, therefore, satisfied by referring it to the act of 1867. Certainly, the words "moieties" and "share" are thus satisfied.

The district attorney is an officer of the United States, and, if the percentage given to him by the act of 1863 be regarded as a commission, it may be suggested that the mischief intended to be reached by the 2d section of the act of 1874 extends to him, because he is concerned directly in prosecuting for and recovering the fines, penalties and forfeitures, and can influence the prosecution by his conduct of it, and that the act of 1874 must have been intended to apply to him as well as to informers and officers of

the customs. But this suggestion loses its force when it is considered that the same construction which would include the district attorney would include the clerk. Yet the clerk has no concern in the conduct of the suit, and his duty and services for which the percentage is given commence with the receipt of the money when the suit is practically at an end.

The act of 1874 declares, that, from and after the date of its passage, the proceeds of all fines, penalties and forfeitures under the customs revenue laws shall be paid into the treasury of the United States. This is no new provision in that act. The 1st section of the act of 1867, as before cited, provided, that, from the proceeds should be deducted the charges and expenses authorized by law to be deducted, and that the residue of the proceeds should be paid into the treasury of the United States, and then be distributed. There is nothing in the act of 1874 which indicates that the word "proceeds," in its 2d section, is intended to mean other than the net sum remaining to be disposed of by the officers of the treasury, after paying the proper costs and fees incidental to, and lawfully chargeable for, the collection of the moneys. That is what was paid into the treasury under the act of 1867, and that is what is to be paid into the treasury under the act of 1874.

In an abstract sense, detached from all context, the acts of 1853 and 1863 are provisions of law under which the district attorney and the clerk, in receiving percentages on moneys collected for fines, penalties and forfeitures under the customs revenue laws, receive shares in such moneys, because they receive portions of such moneys measured out as aliquot parts thereof, and because, but for the existence of such acts, they would not receive such percentages. But, as before shown, the act of 1874 is satisfied fully by holding it to repeal only such provisions of law as give shares in the proceeds of fines, penalties and forfeitures, eo nomine, to informers and officers of customs and other officers of the United States.

As respects the clerk, it is to be observed, that the item in this case, if allowed, does not enure to his personal benefit, but enures solely to the benefit of the United States, and goes to meet the expenses of his office, as regulated by the proper accounting officers. The percentages in question must, therefore, be taxed, allowed and paid to the district attorney and the clerk.